# 95 DTA 144

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE ARECIBO Y UTUADO

CESAR J. ALMODOVAR MARCHANY, SECRETARIO DEL TRABAJO Y RECURSOS HUMANOS DE PUERTO RICO EN REPRESENTACIÓN Y POR BENEFICIO DE ORLANDO ROMAN GERENA
Querellante-Apelado

v.

RAUL GARCIA SANABRIA
Querellado-Apelante

Núm. KLAN-95-00448

San Juan, Puerto Rico, a 22 de mayo de 1995

Panel integrado por su presidente, Juez Arbona Lago
y los Jueces Giménez Muñoz y Salas Soler

Salas Soler, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se apela de una sentencia dictada por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Arecibo (Juez Marcos T. Calderón) que condena al apelante, Raúl García Sanabria a pagar al apelado $11,205.00 en concepto de salarios.

El 16 de agosto de 1994 el Secretario del Trabajo incoó una reclamación en contra del apelante reclamando salarios devengados y no recibidos a través del procedimiento especial de carácter sumario establecido en la Ley Núm. 2 de 17 de octubre de 1961. 32 L.P.R.A. Sec. 3118. Se citó y emplazó al apelante el 20 de octubre de 1994, quince días después, el 4 de noviembre de 1994 el apelado presentó a través de su representación legal Moción Solicitando Prórroga. El 19 de noviembre de 1994 la solicitud de prórroga le fue denegada al no cumplir con lo dispuesto por la Ley▪

El 22 de noviembre de 1994, treinta y tres (33) días después del emplazamiento el apelante radicó su contestación a la querella. El 13 de febrero de 1995, el Tribunal *a quo* dictó sentencia declarando HA LUGAR la querella.▪

El apelante señala la comisión de dos errores:

1. *"ERRO el Honorable Tribunal al resolver que el querellado, no radicó contestación, ni alegación alguna contra la querella en este caso y dictó sentencia, equivalente a una en Rebeldía".*

2. *"ERRO el Honorable Tribunal, al resolver el presente caso en base a lo dispuesto en la Ley 2, del 17 de octubre de 1961, y al no considerar el defecto de la citación y el emplazamiento".*

Como fundamento a estos errores el apelante indica en el escrito ante nos que la Orden de Citación y Emplazamiento no indica nada de que la solicitud de prórroga debía ser

juramentada y que una buena administración de la justicia amerita que los casos sean vistos en sus méritos.

El Artículo 3 del Código Civil de Puerto Rico dispone que la ignorancia de las leyes no excusa de su cumplimiento. 31 L.P.R.A. sec. 2. El emplazamiento en este caso da suficiente aviso ante los ojos del lego para el cual se diseña. Los requisitos legales, incluídos los de prórroga los da la Ley Núm. 2 de 17 de octubre de 1961 y el abogado, perito en derecho no tiene que ser recordado de ello como requisito del debido procedimiento de ley.

En aquellos procedimientos sumarios seguidos en virtud de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada el tribunal no debe aceptar una contestación a la querella presentada ya transcurrido el término, establecido por la ley para ello, sin que se hubiere presentado previamente una moción de prórroga dentro del término, en la que exponga bajo juramento los motivos por la dilación. En el caso de epígrafe la moción de prórroga fue presentada fuera del término y sin ser juramentada según dispone la Ley. Los tribunales tienen la obligación de darle estricto cumplimiento al procedimiento sumario de reclamación de salarios. *Mercado Cintrón v. ZETA Communications Inc.*, ___ D.P.R. ___ (1994), **94 J.T.S. 50.**

Por los fundamentos antes expuestos, se confirma la sentencia recurrida y se desestima el recurso de apelación instado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 144**

**1.** La solicitud de prórroga no fue juramentada.

**2.** La sentencia indica que: *"...ha transcurrido el término concedido por la ley para contestar la querella, sin que dicha parte haya radicado la contestación ni alegación alguna contra la querella en este caso".* Sentencia del 13 de febrero de 1995, Véase Apéndice I, pág. 2.